UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS PYCHE,

    Plaintiff,

v.                                              CASE NO.: 8:10-cv-2057-T-23TGW

ANDREA FAIR, et al.,

    Defendants.
_____/

**ORDER**

The pro se plaintiff's "Motion for Criminal Investigation" (Doc. 4) alleges that the plaintiff "is the victim of a corrupt State Court that allowed a Summary Judgment that is a Fraud" and seeks an investigation of the state case "by a Federal Agency because no State Agency will take any action." However, the district court lacks jurisdiction for the direct review of a state court's decision:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the Rooker-Feldman doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Dale v. Moore, 121 F.3d 624 (11th Cir.1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. Berman v. Florida Bd. of Bar Examiners, 794 F.2d 1529 (11th Cir.1986).

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998). Accordingly, the plaintiff's "Motion for Criminal Investigation" (Doc. 4) is **DENIED**.

ORDERED in Tampa, Florida, on October 6, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE